**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SHARON FREEMAN**, on behalf of herself and all similarly situated persons,     ) ) ) | |
| Plaintiff,    ) ) | |
| v.    ) ) | Case No. 14 C 10265 |
| **KAPLAN, INC.,**    ) ) | |
| Defendant.    ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Nearly fully 14 years have elapsed since this Court, prompted in material part by a desire to relieve its secretary from the burden of repeatedly typing corrective rulings as to a number of flaws that had pervaded all too many responsive pleadings, published an Appendix to its opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D. Ill. 2001).[1] Regrettably that effort has been unsuccessful in eradicating the mistakes identified in that Appendix, whether lawyers are unaware of the precepts set out there or they mistakenly view those precepts as nitpicking, or for some other reason.

Nothing daunted, this Court contemplates publishing this memorandum opinion and order to address some practices employed by responsible lawyers in responsible law firms who have committed other venial (not mortal) sins that some further thought would have avoided. Because hope springs eternal, perhaps what is said here may gain some currency.

---

[1] It was hoped that publication of the Appendix might have two salutary effects: (1) increasing the general awareness of the flaws described there and (2) enabling this Court's secretary simply to cite to the Appendix rather than having to spell out the pleading defect each time.

To begin with, the Answer just filed on behalf of Kaplan, Inc. ("Kaplan") to the putative class and collective action brought by Sharon Freeman ("Freeman") contains a large number of proper invocations of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) where neither an admission or a denial of a complaint's allegation may conscientiously be advanced under Rule 8(b)(1)(B) (see Answer ¶¶ 14, 17, 30, 45, 46, 55 and 81). But having invoked that disclaimer, Kaplan's counsel then impermissibly go on to add "and, therefore, denies the allegations in Paragraph -- of the Complaint." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

In another variant on the use of the Rule 8(b)(5) disclaimer, Answer ¶ 79 quite permissibly disclaims the Complaint ¶ 79 allegation as to what Freeman "reasonably believes." But having done so, Kaplan's counsel (who of course cannot know what Freeman actually believes) should simply have gone on to deny the reasonableness of any such belief, rather than denying all of the Complaint ¶ 79 allegations.

Next on the list are a number of what appear to be some belt-and-suspender statements that are really not appropriate responses to allegations in the Complaint. Each of Answer ¶¶ 4, 5, 58, 59, 77 and 78 couple an appropriate response to the corresponding Complaint allegations (for example, as to jurisdiction, venue and the like) with a pious denial of any wrongdoing by Kaplan. But where a particular allegation is entirely neutral on that score, such as one asserting the source of subject matter jurisdiction that is admitted by Kaplan, such a gratuitous denial of

wrongdoing (which has not been asserted at all in the Complaint's allegation) has no proper place in the pleading.

Finally, on a subject (that of appropriate affirmative defenses ("ADs")) that has already been addressed in part in <u>State Farm</u> App'x ¶ 5, such amorphous pleadings as ADs 3 and 4 add nothing to the mix. If and to the extent that further proceedings in this action reveal any of the defects in Freeman's case that are referred to generically in those ADs, it will be time enough to bring those on for consideration by appropriately filed motions. ADs 3 and 4, then, are stricken for now -- but without prejudice.

This memorandum opinion and order should not be thought of as exhaustive or as excluding Freeman's counsel from raising other issues regarding Kaplan's Answer. What has been said here has been based on a preliminary scanning, rather than an in-depth study, of the Answer as a whole.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 2, 2015